FILED
OCT - 7 2015
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:15CR460 HEA/NAB |
| v. ) | |
| ) | |
| DANIEL KEITH STEELE, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

The United States Attorney charges that:

### THE SCHEME

1. Beginning at least as early as May 27, 2011 and continuing through at least September 25, 2013, the Defendant, DANIEL KEITH STEELE, with the intent to defraud, devised a scheme to defraud and to obtain money and property from investors by means of material false and fraudulent pretenses, representations, and promises, whereby STEELE led investors to believe that he had invested their funds in foreign currency exchange markets and those investments were resulting in positive net returns, when in truth and fact STEELE did not invest a sizeable portion of such funds in any investment, and the investments were not generating and did not generate the represented returns, all as described further herein.

### MANNER AND MEANS OF THE SCHEME

2. The manner and means of the scheme are further described as follows:

   a. It was part of the scheme that STEELE solicited at least 24 potential investors to invest at least $2.02 million in one or more of the following pooled investment vehicles: (1) Steele

1

Management LLC, also known as Steele Management Int.; (2) Champion Management, a.k.a. Champion Management Int.; and (3) Oracle Forex Fund, LP (together, the "Companies"). STEELE represented that funds contributed by investors would be invested by STEELE through one or more of the Companies, that the funds would be traded on foreign currency exchange markets (such trading is hereafter referred to as "forex trading"), and that investors should expect STEELE's forex trading activities to yield large returns, in one case represented to be between 12.776% and 28.7% per month.

  b. In truth and fact, STEELE did not intend to, and in fact did not, use all of the funds provided to him by investors in forex trading. To the contrary, of the at least $2.02 million solicited by STEELE and conveyed to STEELE or his Companies by investors, only approximately $1,259,036.00 was ever transferred to any other party for the purpose of being used in forex trading. The remaining funds were either misdirected by STEELE to his personal use or to the personal use of others, including the purchase of automobiles for STEELE and STEELE's family members and the repayment of earlier investors with funds contributed by later investors.

  c. It was further part of the scheme that STEELE planned to cause and did cause reports to be issued to investors that represented that his forex trading activities did in fact generate considerable returns on the investors' investments, with typical reported gains varying between 1% and 5% per month. In the majority of cases, reports provided by STEELE to investors indicated that STEELE's forex trading activity had resulted in positive returns.

  d. In truth and fact, the reports issued to investors by STEELE were false in one or more material respects. Statements issued by STEELE showing trading profits for the months of July 2011 through November 2011 were false in that STEELE had not, at that time, transferred any

funds to any other party for the purpose of being used in forex trading. After February 2012, the statements issued by STEELE reported trading profits that were false in that they both misrepresented the size of the profits from any actual trading activity and omitted information relating to sizeable unrealized trading losses experienced during the same time frame. Had the true profits and losses been reported in any given month, the reports would have shown that STEELE's forex trading had in fact 1) generated trading losses, 2) resulted in no gain, or 3) resulted in profits far less than what was reported by STEELE.

e. It was further part of the scheme that STEELE communicated with investors through email and other electronic means in order both to solicit further investment and to lull investors into believing that their investments were generating returns as promised, in which communications STEELE claimed his forex trading activities to be profitable.

f. It was further part of the scheme that STEELE paid some earlier investors "returns" using funds provided to STEELE by later investors.

g. It was further part of the scheme that STEELE failed to register himself or his Companies with the U.S. Commodity Futures Trading Commission ("CFTC") as required by law. Specifically, any operator of a commodity pool is required under 17 C.F.R. § 5.1 *et seq.* to register as such with the United States Commodity Futures Trading Commission ("CFTC"). At all relevant times, Steele was a commodity pool operator within the meaning of 7 U.S.C. § 1(a)(12).

h. It was further part of the scheme that STEELE, upon inquiries from state regulators, generated and transmitted statements that falsely represented the financial condition of his Companies and falsely represented STEELE's historical and current trading activity

i. It was further part of the scheme that STEELE obtained approximately $2.02 million in

3

funds from investors through the use of false and fraudulent pretenses, representations, and promises described above, causing an actual loss to those investors of approximately $1,581,642.31.

## COUNT I
### (Mail Fraud)

3. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

4. On or about December 27, 2011, within the Eastern District of Missouri and elsewhere, the Defendant

**DANIEL KEITH STEELE**

having devised the above-described scheme and artifice to defraud and to obtain money and property by false and fraudulent representations, pretenses, and promises, and for the purpose of executing and attempting to execute that scheme, did knowingly cause to be delivered by mail according to the direction thereon certain matter, to wit, an envelope containing a cashier's check for $35,000.00, along with other documents.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT II
### (Wire Fraud)

5. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

6. On or about August 5, 2012, within the Eastern District of Missouri and elsewhere, the Defendant

**DANIEL KEITH STEELE**

4

having devised the above-described scheme and artifice to defraud and to obtain money and property by false and fraudulent representations, pretenses, and promises, and for the purpose of executing and attempting to execute that scheme, did knowingly transmit and cause to be transmitted by means of wire and radio communication in interstate commerce certain signs, signals, and sounds, to wit, an email from Steele to an individual with the initials D.T. stating historical returns for his forex trading for the months of February through July 2012, which statements were materially false in that they overstated the returns achieved by Steele in each of the reported months.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT III
### (Wire Fraud)

7. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

8. On or about September 28, 2012, within the Eastern District of Missouri and elsewhere, the Defendant

**DANIEL KEITH STEELE**

having devised the above-described scheme and artifice to defraud and to obtain money and property by false and fraudulent representations, pretenses, and promises, and for the purpose of executing and attempting to execute that scheme, did knowingly cause to be transmitted by means of wire and radio communication in interstate commerce certain signs, signals, and sounds, to wit, a wire transfer in the amount of approximately $116,392.00 from an account at Millennium Trust Company in Oak Brook, Illinois in the name of an individual with the initials K.Q. to an account at

Phelps County Bank in Rolla, Missouri in the name of Oracle Forex Fund, LP.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT IV
### (Wire Fraud)

9. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

10. On or about October 1, 2012, within the Eastern District of Missouri and elsewhere, the Defendant

**DANIEL KEITH STEELE**

having devised the above-described scheme and artifice to defraud and to obtain money and property by false and fraudulent representations, pretenses, and promises, and for the purpose of executing and attempting to execute that scheme, did knowingly cause to be transmitted by means of wire and radio communication in interstate commerce certain signs, signals, and sounds, to wit, a wire transfer in the approximate amount of $4,452.93 from an account at Phelps County Bank in Rolla, Missouri to an account in the United Kingdom held in the name of an individual with the initials F.E.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT V
### (Wire Fraud)

11. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

12. On or about December 19, 2012, within the Eastern District of Missouri and elsewhere, the Defendant

6

**DANIEL KEITH STEELE**

having devised the above-described scheme and artifice to defraud and to obtain money and property by false and fraudulent representations, pretenses, and promises, and for the purpose of executing and attempting to execute that scheme, did knowingly transmit and cause to be transmitted by means of wire and radio communication in interstate commerce certain signs, signals, and sounds, to wit, an email from Steele to an individual with the initials M.V. containing certain monthly reports for the months November 2011 through November 2012, which reports were materially false in that they misstated the amount of profit earned in each of the reported months.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT VI
### (Unlawful Monetary Transaction)

13. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

14. On or about September 27, 2012, within the Eastern District of Missouri and elsewhere, the Defendant

**DANIEL KEITH STEELE**

having devised the above-described scheme and artifice to defraud and to obtain money and property by false and fraudulent representations, pretenses, and promises, and for the purpose of executing and attempting to execute that scheme, did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, to wit, the tender of a check in the

amount of approximately $55,270.00 in exchange for the purchase of a 2012 Chevrolet Suburban, which funds were derived from a specified unlawful activity, to wit, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT VII
### (Unlawful Monetary Transaction)

15. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

16. On or about September 26, 2012, within the Eastern District of Missouri, the Defendant

**DANIEL KEITH STEELE**

having devised the above-described scheme and artifice to defraud and to obtain money and property by false and fraudulent representations, pretenses, and promises, and for the purpose of executing and attempting to execute that scheme, did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, to wit, the tender of a check in the amount of approximately $43,668.00 in exchange for the purchase of a 2013 Acura RDX, which funds were derived from a specified unlawful activity, to wit, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

### FORFEITURE ALLEGATION

17. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United

States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 1341 and 1343 as set forth in Counts I through V, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense. Also subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

18. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957 as set forth in Counts VI and VII, the defendant shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. Also subject to forfeiture is a sum of money equal to the total value of any property, real or personal, involved in such offense, and any property traceable to such property.

19. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

9

20. Specific property subject to forfeiture includes, but is not limited to, the following:

    a.     a 2013 Acura RDX bearing VIN 5J8TB4H55DL010379;

    b.     a 2012 Chevrolet Suburban bearing VIN 1GNSKKE79CR289438; and

    c.     certain real property described as follows, together with all appurtenances, improvements, and attachments thereon:

All of Lot 3 Grandview Estates, a Subdivision in a fractional part of the northeast quarter of Sec. 29, Twp. 37 N., Rng. 7 W, Phelps County, Missouri.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
RICHARD E. FINNERAN, #60768MO
Assistant United States Attorney